**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-3066
_____

IN RE: JUDEAU S. BROWN, JR.,
Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of Delaware
(Related to D.C. Civil Action No. 1:21-cv-00200)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
June 13, 2024

Before:  CHAGARES, Chief Judge, SHWARTZ and RESTREPO, Circuit Judges

(Opinion filed: June 28, 2024)
_____

OPINION[*]
_____

PER CURIAM

    Judeau S. Brown, Jr., filed a pro se petition for a writ of mandamus, asking us to

direct the District Court to rule on his habeas petition.  Thereafter, on June 18, 2024, the

District Court dismissed Brown's habeas petition as time-barred, declined to issue a

certificate of appealability, and directed the District Court Clerk to close the case.  In

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

view of that decision, Brown's mandamus petition no longer presents a live controversy, and thus we will dismiss it as moot. See Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996) ("If developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot."